**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **BARBARA FLORES** | **PLAINTIFF** |
| **V.** | **NO. 3:26-CV-347-DMB-RP** |
| **VANESSA FANG** | **DEFENDANT** |

# ORDER

On November 2, 2026, Barbara Flores filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Vanessa Fang, and a separate motion to proceed in forma pauperis. Docs. #1, #2. The next day, the Clerk of the Court mailed to Flores at her address of record a notice advising of the district judge and the magistrate judge assigned to her case, along with certain instructions, including, "**Be sure the Court always has your correct address and phone number**. If your contact information changes, contact the Clerk's Office in writing immediately." Doc. #3 at PageID 6.

On November 4, United States Magistrate Judge Roy Percy issued first a report recommending that Flores' complaint be dismissed, Doc. #4; and then an amended report recommending that Flores' complaint be dismissed, Doc. #5. Both the original report and the amended report warned Flores:

> A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, … and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court.

*Id.* at 3; Doc. #4 at 3. The same day, the Clerk of the Court mailed a copy of the original report and the amended report to Flores at her address of record. On November 20, the copy of the original report sent to Flores at her address of record was returned as undeliverable, Doc. #6; and

the copy of the amended report sent to Flores at her address of record was returned as undeliverable, Doc. #7.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies where, as here, 'a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'" *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013)). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

No objection to the original report or the amended report was filed by the deadline set by the Court or to date. However, Flores presumably did not receive the copy of the original report or the amended report sent to her by mail since such mail was returned as undeliverable. But because it is Flores' responsibility to notify the Court of any change to her address and she has not done so, this Court is without information to notify Flores of any events in this case and is left to presume that Flores no longer desires to proceed with prosecuting this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this case is **DISMISSED without prejudice**;[1] and both the original report [4] and the amended report [5] are **TERMINATED as moot**.

[1] If Flores provides her correct address to the Court within fourteen days of this order, the Court will vacate this order, reopen the case, and provide Flores an opportunity to object to the amended report. In deciding to dismiss this case without prejudice, the Court also considered that the entirety of Flores' complaint states, "Vanessa Fang's unrevealed relationship with the superior cast doubt over her above average salary" and "[Flores] files a Title VII complaint against Vanessa Fang." Doc. #1. The Court agrees with the amended report that "[t]his blanket assertion falls far short of a plausible claim" and "fails to establish the court's subject matter jurisdiction." Doc. #5 at 2. So, alternatively, this case is dismissed without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

**SO ORDERED**, this 23rd day of November, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**